UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GE Commercial Distribution | : |
| Finance Corp., | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 3:06cv1700 (JBA) |
| | : |
| RER Performance, Inc., | : |
| Eric Erickson and Susan Erickson, | : |
|     Defendants. | : |

**RULING ON DEFENDANTS' MOTION FOR STAY [DOC. # 17]**

Plaintiff GE Commercial Distribution Finance Corp. ("GE") brought this action against RER Performance, Inc. ("RER"), a Connecticut corporation operating a performance motors dealership in Monroe, Connecticut, Eric Erickson, and Susan Erickson, seeking replevin against RER for collateral securing RER's obligations under certain financing agreements entered into between RER and plaintiff's predecessor-in-interest (and guaranteed by defendants Eric Erickson and Susan Erickson), which collateral included ATVs, motorcycles, generators, scooters, watercraft, and trailers. See Compl. [Doc. # 1], Count 1. GE also seeks damages for breach of one of the financing agreements, but not for the other two on the basis of provisions therein requiring "that the breach of contract claims against RER and the Guarantors be resolved by binding arbitration." Id., Count 2, ¶¶ 33-34. GE also filed an Emergency Motion for Order to Show Cause, Temporary Restraining Order, and Order of Seizure of

1

Property [Doc. # 2]. With agreement of the parties during a telephonic scheduling conference, the Court issued an order setting the schedule for briefing on plaintiff's Motion, as well as on defendants' contemplated Motion for Stay, and stating "[t]he Court will set down a hearing date on plaintiff's Motion for Temporary Restraining Order after disposition of defendants' Motion for Stay, if necessary." Sched. Ord. [Doc. # 18]. Briefing on both motions now having concluded, the Court will deny defendants' Motion for Stay [Doc. # 17], and will reserve decision on plaintiff's Motion [Doc. # 2].

## I. Motion for Stay

Defendants move pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, for a stay of all proceedings in this action on grounds that all of the issues raised in plaintiff's Complaint and Emergency Motion are referable to arbitration. 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

"A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties

2

agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration." Oldroyd v. Elmira Savings Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998). Further, "[w]here the parties to an arbitration agreement specifically have excepted a certain type of claim from mandatory arbitration, it is the duty of federal courts to enforce such limitations." Id. at 76.

Defendants refer to the arbitration provisions in two out of the three financing agreements which form the basis for plaintiff's suit (the third admittedly does not contain such a provision), which provide, inter alia: "Except as otherwise specified below, all actions, disputes, claims and controversies under common law, statutory law or in equity of any type or nature whatsoever . . . whether arising before or after the date of this Agreement, and whether directly or indirectly relating to: (a) this Agreement and/or any amendments and addenda hereto, or the breach, invalidity or termination hereof; (b) any previous or subsequent agreement between [GE's predecessor-in-interest] and Dealer; and/or (c) any other relationship, transaction or dealing between [GE's predecessor-in-interest] and Dealer

3

(collectively, the "Disputes"), will be subject to and resolved by binding arbitration." See 12/6/94 Agmt. [Doc. # 1, Ex. A1] ¶ 13; 12/10/94 Agmt. [Doc. # 1, Ex. B1] ¶ 13. Plaintiff, however, emphasizes the caveat in paragraph 13 of the Agreements stating "[e]xcept as otherwise specified below," and sub-paragraph 13.2 of the Agreements, providing: "Nothing herein will be construed to prevent [GE's successor in interest's] or Dealer's use of bankruptcy, receivership, injunction, repossession, <u>replevin</u>, claim and delivery, sequestration, seizure, attachment, foreclosure, dation and/or any other prejudgment or provisional action or remedy relating to any Collateral for any current or future debt owed by either party to the other." 12/6/94 Agmt. ¶ 13.2; 12/10/94 Agmt. ¶ 13.2 (emphasis added).

As the Second Circuit held in <u>Oldroyd</u>, "[w]here the parties to an arbitration agreement specifically have excepted a certain type of claim from mandatory arbitration, it is the duty of federal courts to enforce such limitations." 134 F.3d at 76. Here, as plaintiff notes, a replevin action, as well as "any other prejudgment or provisional action or remedy relating to any Collateral," is explicitly excepted from the scope of the arbitration provisions in the December 1994 Agreements. And accordingly, as articulated in Count 2 of the Complaint, plaintiff sues for breach of the October 5, 1994 Agreement only, as that Agreement does not contain an arbitration provision.

Thus, the Court finds that the causes of action in plaintiff's Complaint and its request for prejudgment remedies in the form of a temporary restraining order and order of seizure of property pursuant to Fed. R. Civ. P. 64 are not referable to arbitration under 9 U.S.C. § 3, and thus defendants' Motion for Stay will be denied.

**II. Motion for Temporary Restraining Order**

As noted above, at the same time it filed its Complaint, plaintiff filed an Emergency Order seeking a temporary restraining order and order of seizure of property pursuant to Fed. R. Civ. P. 64 to protect its interest in the collateral pursuant to the agreements between RER and GE's successor-in-interest, alleging that defendants "have failed, refused and neglected to either make payment of the accelerated balance [under the agreements] or surrender possession of the Collateral [and] have sold, and . . . will continue to sell, Collateral out of trust, which severely impairs [p]laintiff's security interest in the Collateral and ability to recovery the amounts owed by [d]efendants."  Emergency Mot. ¶ 6.  Plaintiff represents that "[d]ue to the intrinsic nature of the Collateral, to wit: ATVs, motorcycles, generators, scooters, watercraft and trailers of the [d]efendant, it is respectfully submitted that sufficient cause exists, within the meaning of C.G.S.A. § 52-471, et seq., and Fed. R. Civ. P. Rule 65 for the immediate issuance of a Temporary

5

Restraining Order or temporary injunction . . . in order to avoid irreparable injury to [p]laintiff's interest in its Collateral." Id. ¶ 7.

Defendants' opposition memorandum to plaintiff's Emergency Motion [Doc. # 23] reiterates the arguments from their Motion for Stay, but does not address the merits of plaintiff's Motion. The Court having denied defendants' Motion for Stay supra, such arguments do not form any basis for denial of plaintiff's Emergency Motion. Accordingly, defendants are directed to file their answer to the Complaint and any response to plaintiff's Emergency Motion by **February 26, 2007.** The parties will be referred to Magistrate Judge Joan Glazer Margolis for a hearing on plaintiff's Motion.

**III. Conclusion**

For the foregoing reasons, defendants' Motion for Stay [Doc. # 17] is DENIED. Defendants shall file their Answer to the Complaint and any opposition to plaintiff's Emergency Motion by **February 26, 2007.**

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 14th day of February, 2007.**